IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
        Plaintiff,

        vs.                                                    No. 99-10086-03-JTM

DEMARQUES M. MORRIS,
                Defendant.


MEMORANDUM AND ORDER


        Defendant DeMarques Morris has filed a motion for compassionate release
pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that the court may reduce
a criminal sentence if there are extraordinary and compelling reasons which warrant
such a reduction, and if the reduction would be consistent with the sentencing factors
set forth in 18 U.S.C. § 3553(a). Morris was convicted in 1999 of two counts of
interference with commerce by threats or violence, and five counts of using,
brandishing or discharging a firearm during a crime of violence (in violation of 18
U.S.C. § 1951 and 924(c)). (Dkt. 128). After a first appeal in which the defendant's
convictions and resulting sentence were partially reversed, *United States v. Morris*, 247
F.3d 1080 (10th Cir. 2001), the district court on remand sentenced defendant to 490
months imprisonment. The Tenth Circuit affirmed the sentence in *United States v.
Morris*, 247 F.3d 1080 (10th Cir. 2001). This court has denied Morris's subsequent

motions seeking to vacate his convictions or reduce his sentence. (Dkt. 204, 218, 222, 256).

In the present motion, the defendant argues that his sentence should be reduced in light of the First Step Act's elimination of the "stacking" rule for 18 U.S.C. § 924(c) offenses. That rule provided that contemporaneous convictions for § 924(c) offenses were subject to that statute's multiplier for successive offense. If the defendant had been sentenced pursuant to the First Step Act, that is, his second § 924(c) sentence (Count 8) would be "unstacked" and reduced from 300 to 84 months. Thus, he would face a controlling sentence of 274 months, substantially shorter than the 490 months originally imposed by the court.

In response, the government argues that pursuant to 28 U.S.C. § 994(a)(2)(C), 28 U.S.C. § 994(t) and 18 U.S.C. § 3582(c)(1)(A), only the Sentencing Commission, and not the courts, can determine what are "extraordinary and compelling reasons" for a sentencing reduction, and that under the statutes only the Bureau of Prisons (BOP) can appropriately define such circumstances. It further notes that stacked § 924(c) sentences have been determined to be constitutional. *See United States v. Angelos*, 433 F.3d 738 (2006), and stresses that Congress expressly made the change to § 924(c) sentences prospective only.

This court has previously held that First Step Act's radically different sentencing scheme may present indeed an "extraordinary and compelling reason" for reducing a sentence under § 3582. *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475,

at *2 (D. Kan. Feb. 21, 2020). As the court determined in that case, while the elimination of the stacking rule was not expressly made retroactive, this meant that the court retained the discretion to determine—on a case-by-case basis—whether a reduction should occur. Other courts similarly have determined that the First Step Act empowers district courts to reduce sentences where necessary to avoid unwarranted disparities. *See United States v. Stewart*, No. 98-40097-01-SAC, 2020 WL 4260637 (D. Kan. July 24, 2020); *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) *United States v. Beck*, 425 F. Supp. 3d 573, 577-80 (M.D.N.C. 2019); *United States v. Urkevich*, 2019 WL 6037391, at *3 (D. Neb. 2019); *United States v. Cantu*, 423 F.Supp.3d 345, 349-53 (S.D. Tex. 2019). The conclusion that district courts are not constrained by the BOP's definition of "extraordinary and compelling circumstances reflects the "growing consensus of courts across the country." *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6 (W.D. Pa. May 29, 2020).

Morris engaged in serious and violent criminal conduct. But while the 274 months sentence proposed by Morris represents a substantial reduction from his original sentence, it still reflects extremely severe punishment. Even under the reduced sentence, Franklin will serve nearly 23 years in prison. The court finds that such a sentence is consistent with 18 U.S.C. § 3553(a) and that a reduction is warranted.

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Compassionate Release (Dkt. 264) is hereby granted such that his term of imprisonment is hereby reduced to 274 months.

*J. Thomas Marten*
J. Thomas Marten, Judge