IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 99-10086-03-JWB

DE MARQUES M. MORRIS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 and memorandum in support. (Docs. 272, 273.) For the reasons stated below, the motion is DISMISSED without prejudice for lack of jurisdiction.

**I. Background**

In 1999, a jury found Defendant guilty on seven counts of a superseding indictment, including two counts of Hobbs Act robbery under 18 U.S.C. § 1951 and five counts of using, brandishing, or discharging a firearm during and in relation to a crime of violence (the two Hobbs Act robberies) under 18 U.S.C. § 924(c). (Doc. 101.) In March 2000, Defendant was sentenced to a total term of imprisonment of 490 months. (Doc. 128.) On direct appeal, the Tenth Circuit found Defendant could only be convicted on one § 924(c) count for each robbery. It remanded for the district court to vacate the multiplicitous § 924(c) counts and resentence Defendant. (Doc. 169.) On remand, the district court vacated the multiplicitous counts and again sentenced Defendant to 490 months. An amended judgment was entered September 5, 2001. (Doc. 182.) A direct appeal following the resentencing was dismissed by the Tenth Circuit. (Doc. 198.)

In August 2003, Defendant filed a motion under 28 U.S.C. § 2255 (his first) to vacate the sentence. (Doc. 199.) Among other things, he alleged that his attorney was ineffective for failing to properly advise him about a plea offer and that prosecutors used false testimony of a police detective. (*Id.* at 11, 16.) The district court denied the motion in November 2003 (Doc. 204); the Tenth Circuit affirmed that ruling on appeal. (Doc. 213.)

In 2013, the Tenth Circuit denied Defendant's request for authorization to file a second or successive § 2255 motion. (Doc. 220.) Defendant filed another § 2255 motion (his second) in June of 2014 (Doc. 221); the district court denied it. (Doc. 222.) In June 2016, Defendant filed another § 2255 motion (his third) based on the Supreme Court's ruling in *Johnson v. United States,* 135 S. Ct. 2551 (2015). (Doc. 236.) That motion was stayed pending a ruling by the Tenth Circuit on Defendant's petition to authorize the filing of a successive motion. (Docs. 237, 241.) In March 2017, Defendant filed a motion that was characterized by the district court as a § 2255 (Defendant's fourth) and that was dismissed for lack of jurisdiction. (Doc. 244.) The Tenth Circuit dismissed an appeal of that ruling. (Doc. 248.)

In January 2020, the Tenth Circuit authorized Defendant to file a second or successive § 2255 motion "challenging his § 924(c) conviction and sentence under [*United States v ]Davis*," 139 S. Ct. 2319 (2019).[1] In *Davis,* the Supreme Court held that the "residual clause" of 18 U.S.C. § 924(c)(3)(B) – which defined a "crime of violence" to include a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" – was unconstitutionally vague. *Id.* at 2336. The district court subsequently denied the previously-stayed § 2255 motion, finding that commission of a Hobbs

---

[1] The Tenth Circuit did so despite a concession filed by Defendant's appellate counsel that the motion should be denied, because the concession related to the merits of the proposed § 2255 motions, which the Tenth Circuit did not address. (Doc. 250 at 2.)

Act robbery was a crime of violence under § 924(c)(3)(A), the so-called "elements clause," because it necessarily included the use, attempted use, or threatened use of physical force against the person or property of another. The court distinguished *Davis* because that case involved only a *conspiracy* to commit a Hobbs Act robbery, not the actual commission of a Hobbs Act robbery. (Doc. 256 at 3.) Defendant thereafter sought to withdraw his § 2255 motion, but the court denied that request as moot. (Docs. 257, 258.)

In an amended order filed September 18, 2020, the Hon. J. Thomas Marten granted Defendant's motion to reduce his sentence under the First Step Act. (Docs. 264, 269, 270, 271.) Based on the Act's elimination of "stacking" contemporaneous § 924(c) convictions, the court found Defendant's sentence should be reduced from 490 months to 274 months, the latter reflecting the guideline that would have applied had the offenses occurred under the amended version of § 924(c).[2] (Docs. 269, 271.) The order for reduction was granted under 18 U.S.C. § 3582(c)(1)(A) and was not accompanied by entry of a new judgment. (Doc. 271.)

On April 12, 2021, Defendant filed the § 2255 motion currently before the court. (Doc. 272.) It challenges Defendant's convictions by asserting an argument similar to one previously asserted in a § 2255 motion – namely, that the prosecutor used perjured testimony from a police detective. (Doc. 272 at 4.) Defendant argues that under the rule of *Magwood v. Patterson,* 561 U.S. 320 (2010), this is not a second or successive § 2255 motion because his sentence was amended in September of 2020. (Doc. 273 at 3-4.)

**II. Legal Standards**

---

[2] At the time of Defendant's convictions, a "second or subsequent" § 924(c) conviction gave rise to a mandatory 25-year consecutive sentence in addition to a mandatory ten-year consecutive sentence for the first § 924(c) conviction, even if the two convictions occurred in the same proceeding. After the First Step Act, the 25-year enhancement applies only "after a prior conviction under [§ 924(c)] has become final…." 18 U.S.C. § 924(c)(1)(C). Although Congress did not make the amendments to § 924(c) retroactive, the Tenth Circuit has held that such sentences can be reduced under the First Step Act when extraordinary and compelling reasons warrant the reduction. *See United States v. Maumau,* 993 F.3d 821 (10th Cir. 2021).

A second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h).  Absent authorization from the appropriate court of appeals, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  In such circumstances, the district court may either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice to do so. *Id*. at 1252.

In *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010), the Supreme Court held that if "there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive."  But in *United States v. Quary*, 881 F.3d 820 (10th Cir. 2018), the Tenth Circuit found that a sentence reduction granted under § 3582(c)(2) was fundamentally different from a plenary resentencing proceeding, such that reductions under that section "do not qualify as new intervening judgments" under the rule of *Magwood*. *Id.* at 822.

**III. Analysis**

Defendant filed multiple § 2255 motions in this case (*see* Docs. 199, 221, 236, 242) before filing the current one (Doc. 272). Under *Magwood,* the current § 2255 motion is therefore successive unless "there is a new judgment intervening between the two [§ 2255] petitions…." *Magwood,* 561 U.S. at 341-42.  The last judgment filed in this case was the amended judgment entered in 2001 after a remand from the Tenth Circuit.  (Doc. 182.)  There is no intervening judgment between the current § 2255 motions and Defendant's previous § 2255 motions; the current motion is accordingly a successive § 2255 petition over which this court has no jurisdiction. 28 U.S.C. § 2255(h).

The amended order for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) granted by Judge Marten on August 14, 2020 (Doc. 271) does not qualify as a new, intervening judgment. *Quary* explained why a sentencing reduction under a similar section – § 3582(c)(2) – does not give rise to an intervening judgment. That section, which allows a district court to reduce a sentence when a defendant has been sentenced under a guideline range that has subsequently been lowered by the Sentencing Commission, "[a]uthorizes only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Quary,* 881 F.3d at 822. Such a modification only requires the court to consider the relevant sentencing factors in 18 U.S.C. § 3553(a). *Id.* By contrast, in a plenary resentencing proceeding the court must not only consider those factors but also explain its reasons for the sentence under § 3553(c). *Id.* According to *Quary,* this distinction supports a finding that sentencing modifications do not qualify as new, intervening judgments. *Id.* The same reasoning applies to the sentencing reduction granted to Defendant in this case under § 3582(c)(1)(A). That provision, like the one in *Quary*, is considered a "modification" of a sentence under § 3582(c) and does not require the court to explain the sentence under § 3553(c). *See* 18 U.S.C. § 3582(c)(1)(A). *See also* 18 U.S.C. § 3582(b) (notwithstanding the fact a sentence of imprisonment can be modified under § 3582(c), a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.) In sum, the modification to Defendant's sentence was not a new, intervening judgment, and his current § 2255 motion is a successive § 2255 motion over which this court has no jurisdiction. Moreover, having considered the arguments contained in the motion, the court declines to transfer the motion to the Tenth Circuit.

**IV.  Conclusion**

Defendant's motion to vacate sentence under 28 U.S.C. § 2255 (Doc. 272) is DISMISSED without prejudice for lack of jurisdiction.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED this 21st day of May, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE