IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 99-10086-03-JWB

DE MARQUES M. MORRIS,

        Defendant.

**MEMORANDUM AND ORDER**

The court has received two letters from Defendant requesting relief relating to Defendant's inmate trust account. (Docs. 276, 277.) The first letter alleges that the Bureau of Prisons (BOP) informed Defendant that the funds in his account would be encumbered and used to pay "for Court fees ordered." (Doc. 276.) The letter requests that Defendant be allowed to "make another payment plan agreement" with the BOP. (*Id.*) The second letter indicates that prison administrators at U.S.P. Atwater subsequently ceased extracting money from Defendant's account except for an encumbrance in the amount of $190.00. (Doc. 277.) This letter asks the court to "order this administration to correct this error and release the money back to my active account immediately." (*Id.*)

The circumstances alleged are not entirely clear, but to the extent these letters can be construed as motions under 18 U.S.C. § 3664(k) to adjust the payment schedule for restitution previously ordered,[1] the court finds they should be denied, as they do not show a material change in Defendant's economic circumstances affecting his ability to pay restitution. *See id.* (allowing

---

[1] As part of the judgment against him in this case, Defendant was ordered to pay restitution of $18,811, with payments to begin immediately. (Doc. 182 at 6-7.)

court to adjust payment schedule for restitution upon showing of material change in defendant's economic circumstances.)

To the extent the letters could be construed as motions challenging the implementation of Defendant's sentence, they must be dismissed for lack of jurisdiction. A challenge to the manner in which a sentence is implemented must be brought under 28 U.S.C. § 2241. *See Graewe v. English,* 796 F. App'x 492, 496 (10th Cir. 2019). *Cf. O'Banion v. Matevousian*, 835 F. App'x 347, 350 (10th Cir. 2020) (where inmate challenged warden's implementation of Inmate Financial Responsibility Plan (IFRP) and sanctions encumbering inmate's trust account, court found habeas action under 28 U.S.C. § 2241 provided adequate remedy to review alleged abuses of the IFRP). But before an inmate can bring a § 2241 motion, he must first exhaust available administrative remedies within the BOP and then bring the motion in the district in which he is confined. *See United States v. Waters*, No. 18-20081-03-DDC, 2021 WL 1265137, *2 (Apr. 6, 2021); *United States v. Read-Forbes,* No. 12-20099-01-KHV, 2020 WL 3639806, *1 n.1 (D. Kan. July 6, 2020). Because Defendant has not alleged that he exhausted administrative remedies and he is confined at U.S.P. Atwater in California, this court has no jurisdiction to address any § 2241 motion from him. Similarly, to the extent the letters might be construed as challenges to the conditions of his confinement under 42 U.S.C. § 1983, the claims would have to be brought against the persons responsible in a district with jurisdiction over such persons. *See United States v. Ramirez*, No. 13-10140-02-JWB, 2021 WL 1736872, at *1 (D. Kan. May 3, 2021) (motion challenging conditions of confinement "can only be asserted as a civil rights lawsuit against those responsible for the conditions, and in a district with jurisdiction over such persons.") (citing *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)). No such jurisdiction is shown in the letters submitted by Defendant.

**Conclusion**

Defendant's letters requesting relief (Docs. 276, 277), to the extent they can be considered motions under 18 U.S.C. § 3664(k), are DENIED. To the extent the letters can be considered motions under § 2241 or claims under § 1983, they are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED this 23rd day of July, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE